IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TRI-STATE PROPERTY
RENTALS, LLC, et. al.,**

    **Plaintiffs,**

v.                                         Case No. 3:23-cv-00072

**CABELL COUNTY MAGISTRATE
COURT, et. al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion/Request for Legal Assistance. (ECF No. 4). Having considered the motion, the Court **DENIES** same. Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the

efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Plaintiffs argue that their case justifies the appointment of counsel, because they have been "financially devastated" by the events surrounding their case and are in "dire straits." Unfortunately, these circumstances are not exceptional given that many civil litigants are financially unable to retain counsel. For that very reason, litigants often find counsel willing to take their cases under a contingent fee agreement in which the attorney will not charge the litigants a fee unless and until there is a successful outcome. Plaintiffs here do not appear to have made any effort to seek out counsel willing to offer a contingent fee agreement. Furthermore, the undersigned has examined the complaint and concluded that some of the defendants are immune from liability, some of the claims lack merit, and the Court should decline to consider the remaining claims as they are more properly heard in state court. Therefore, the undersigned has recommended that the complaint be dismissed on initial review. As such, appointment of counsel would not be appropriate at this stage of the litigation. However, should circumstances change in the future, the matter of the appointment of counsel can be reassessed.  It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiffs.

**ENTERED:** March 20, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge